IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | CIVIL ACTION NO. MDL 875 |
| PAULA ROBERTSON, as Successor-in-Interest to and Wrongful Death Heir of JOHN ROBERTSON, Deceased, et al.<br><br>Plaintiffs,<br><br>v.<br><br>CARRIER CORPORATION, et al.,<br><br>Defendants. | ED-PA Case No.: 2:09-cv-64068-ER<br><br><br>(Transferor District Court No.)<br>ND-CA Case No.: No.: 3:08-cv-04490-BZ |

## DEFENDANT HUNTINGTON INGALLS INCORPORATED'S OBJECTIONS TO PLAINTIFFS' EVIDENCE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Defendant Huntington Ingalls Incorporated, formerly known as Northrop Grumman Shipbuilding, Inc. ("Huntington Ingalls") objects to and moves to strike the following evidence offered by plaintiffs in response to HII's Motion for Summary Judgment: The declarations of Charles Ay, and Dr. Herman Bruch attached to the Declaration of Kimberly J. Chu filed with Plaintiffs' Opposition to Huntington Ingalls' Motion for Summary Judgment (hereafter "Opposition") as Exhibits 2-3 respectively; the alleged copy of the SEANAV Instruction 6260.005 entitled Uniform Labeling Program, attached to Plaintiffs' Opposition as Exhibit 4; the alleged Military Specification, MIL-M-15071D (SHIPS), Manual Service (Instruction Books) For Shipboard Electrical And Mechanical Equipment, dated June 6, 1961, attached to Plaintiffs' Opposition as Exhibit 5; Document 210, "Plaintiffs' Response to Defendant's Motion for Summary Judgment on the Government Contractor: Defense" and all attachments and exhibits in the matter of *James Prange, et al. v. Alfa Laval, Inc.*, et al, United States Eastern District Court of Pennsylvania Case No. 2:09-cv-91848, attached to Plaintiffs' Opposition as Exhibit 6; the July

1
EVIDENTIARY OBJECTIONS

21, 2011, Memorandum of Opinion in *Conner v. Alfa Laval, Inc.,* United States Eastern District Court of Pennsylvania Case No. 2:09-cv-67099, attached to Plaintiffs' Opposition as Exhibit 7; copy of excerpts from Admiral Roger B. Horne, Jr.'s June 12, 2006, deposition in *Robert Baxter v. Alfa Laval, Inc.,* in the Superior Court of Massachusetts, for the County of Middlesex, Case No. 05-4314, attached to plaintiffs' Opposition as Exhibit 8; copy of excerpts from Admiral Roger B. Horne, Jr.'s June 19, 2002, deposition in *In re: Federal Mogul, Inc., v. Mathias,* in the United States District Court for the Western Districts of Texas, El Paso Division, Case No. 01-10578, attached to plaintiffs' Opposition as Exhibit 9; and the February 1, 2012, Memorandum of Opinion in *Donn v. A.W. Chesterton Co., Inc.,* United States Eastern District Court of Pennsylvania Case No. 2:10-cv-62071, attached to Plaintiffs' Opposition as Exhibit 11.

### OBJECTIONS TO THE DECLARATION OF CHARLES AY

### OBJECTION NUMBER 1

Huntington Ingalls objects to the Declaration of Charles Ay in its entirety.

### GROUNDS FOR OBJECTION NUMBER 1.

**(a) Improper Affidavit Pursuant to Rule 56(e) of the Federal Rules of Civil Procedure**

Pursuant to Rule 56(c)(4), an affidavit used to oppose a motion for summary judgment must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. Under this rule, an expert must back up his or her opinion with specific facts: "Expert opinion is admissible and may defeat summary judgment if it appears the affiant is competent to give an expert opinion and the factual basis for the opinion is stated in the affidavit, even though the underlying factual details and reasoning upon which it is based are not." *Bulthuis v. Rexall Corp.* (9th Cir. 1985) 789 F.2d 1315, 1318; *Major League Baseball Properties, Inc. v. Salvino, Inc.* (2nd Cir. 2008) 542 F.3d 290, 311. Expert declarations that contain nothing but conclusory allegations on the ultimate legal issue are not sufficient to defeat summary judgment. *Sitrick v. Dreamworks, LLC* (Fed.

Cir. 2008) 516 F.3d 993, 1001; see *Major League Baseball Properties,* 542 F.3d at 311.

The declaration of Charles Ay is not made on personal knowledge-he does not have, nor does he contend to have percipient knowledge about the facts of the case. Rather, the declaration is based in substantial part upon hearsay, external documents and assumptions made based upon those documents. The Ay report refers to several significant papers without attaching sworn or certified copies of those documents, as required. (Fed. R. of Civ. Pro. Rule 56(c)(1)(A).)

### (b) Lacks Foundation and Improper Basis Pursuant to Rule 701 of the Federal Rules of Evidence

Ay's purported testimony, by way of an expert declaration is not based upon sufficient facts or data. This declaration and the conclusions contained within it are not based on percipient knowledge but rather review of external documents. Mr. Ay has no personal knowledge of the actual work Mr. Robertson performed on the *USS Enterprise.* Nor does Mr. Ay have any foundation to testify regarding ship history, construction or the existence of any originally installed materials on the ship at issue.

## OBJECTION NUMBER 2

Huntington Ingalls objects to the following opinion stated in paragraph 35, p. 18, lines 13-18: "it is my opinion that . . . he inhaled respirable asbestos fibers from the asbestos containing thermal pipe insulation installed aboard the *USS Enterprise* during its original construction. . . such exposure would have been continuous, above background levels and substantial throughout the almost two years he was aboard this ship."

## GROUNDS FOR OBJECTION NUMBER 2

Lack of foundation; lack of personal knowledge. The Declaration of Charles Ay does not establish any basis for an opinion that any particular material or equipment present on the ship at issue contained asbestos. Furthermore, there is no factual basis for any opinion that any overhaul involved the removal or disturbance of asbestos-

containing materials at any given time or location. Any opinion with respect to decedent's alleged exposure to asbestos is pure speculation and conjecture. There is no basis for any assertion that asbestos fibers came from original equipment installed by Newport News was responsible for the condition of the ship years after it was delivered to the U.S. Navy.

## OBJECTIONS TO THE DECLARATION OF DR. HERMAN BRUCH

### OBJECTION NUMBER 1

Huntington Ingalls objects to the Declaration of Dr. Herman Bruch in its entirety.

### GROUNDS FOR OBJECTION NUMBER 1

(a) **Improper Affidavit Pursuant to Rule 56(e) of the Federal Rules of Civil Procedure**

Pursuant to Rule 56(c)(4), an affidavit used to oppose a motion for summary judgment must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. Under this rule, an expert must back up his or her opinion with specific facts: "Expert opinion is admissible and may defeat summary judgment if it appears the affiant is competent to give an expert opinion and the factual basis for the opinion is stated in the affidavit, even though the underlying factual details and reasoning upon which it is based are not." *Bulthuis v. Rexall Corp.* (9th Cir. 1985) 789 F.2d 1315, 1318; *Major League Baseball Properties, Inc. v. Salvino, Inc.* (2nd Cir. 2008) 542 F.3d 290, 311. Expert declarations that contain nothing but conclusory allegations on the ultimate legal issue are not sufficient to defeat summary judgment. *Sitrick v. Dreamworks, LLC* (Fed. Cir. 2008) 516 F.3d 993, 1001; see *Major League Baseball Properties,* 542 F.3d at 311.

Dr. Bruch's declaration is not made on personal knowledge-he does not have, nor does he contend to have percipient knowledge about the facts of the case. Rather, the declaration is based in substantial part upon hearsay, external documents and assumptions made based upon those documents. The report refers to several significant papers without

attaching sworn or certified copies of those documents, as required. (Fed. R. of Civ. Pro. Rule 56(c)(1)(A).)

### (b) Lacks Foundation and Improper Basis Pursuant to Rule 701 of the Federal Rules of Evidence

Dr. Bruch's purported testimony, by way of an expert declaration is not based upon sufficient facts or data. This declaration and the conclusions contained within it are not based on percipient knowledge but rather review of external documents. Dr. Bruch has no personal knowledge of the actual work Mr. Robertson performed on the *USS Enterprise*. Nor does Dr. Bruch have any foundation to testify regarding ship history, construction or the existence of any originally installed materials.

## OBJECTION NUMBER 2

Huntington Ingalls objects to the following opinion stated in paragraph 27, p. 10, lines 21-27: "<u>every</u> occupational exposure to asbestos . . . was a substantial contributing factor to both Mr. Robertson's asbestosis and his lung cancer. . . specifically . . . exposure to respirable asbestos fibers from thermal insulation materials original to the *Enterprise*."

## GROUNDS FOR OBJECTION NUMBER 2

Lack of foundation; lack of personal knowledge; speculation; conjecture. The Declaration of Dr. Herman Bruch does not establish any basis for an opinion that any thermal pipe insulation materials on the ship at issue contained asbestos at any given time. Dr. Bruch, a pulmonologist, is not qualified to determine whether any materials were original to the ship when Robertson worked on it.

## OBJECTION TO THE SAMUEL HAMMAR REPORT

Huntington Ingalls objects to the Court's consideration of the Samuel Hammar report because it is not a signed declaration or affidavit and is therefore inadmissible hearsay. Unsworn testimony "is not competent to be considered on a motion for summary judgment." *Fowle v. C & C Cola*, 868 F.2d 59, 67 (3rd Cir. 1989). This Court has refused to consider unsworn expert

reports when no sworn affidavit is provided with the report. *Bock v. CVS Pharmacy, Inc.*, No. 07-CV-412, 2008 WL 3834266, at *3 (E.D. Pa. 2008); *Jackson v. Egyptian Navigation Co.*, 222 F. Supp. 2d 700, 709 (E.D. Pa. 2002).

## OBJECTION TO THE ALLEGED COPY OF SEANAV INSTRUCTION 6260.005 ENTITLED UNIFORM LABELING PROGRAM

Huntington Ingalls objects to the alleged copy of the SEANAV Instruction 6260.005 entitled Uniform Labeling Program, attached to Plaintiffs' Opposition (hereafter "Opposition") as Exhibit 4, dated 9/24/56 and moves to exclude it in its entirety. The alleged copy of the SEANAV Instruction 6260.005 entitled Uniform Labeling Program, is an inadmissible hearsay document. USCS Federal Rules of Evidence hereafter "Fed.R. Evid.") Rule 803. Fed. R. Evid. Rule 902 states that extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to public records or reports, including data compilations in any form, if the bears a seal of the United States or political subdivision, department, officer or agency and a signature of execution. Fed R. Evidence, Rule 902(1). If these criteria are not met, then the document must be certified as correct by the custodian or other person authorized to make the certification. Fed. R. Evid., Rule 902(4) Plaintiffs have not provided any extrinsic evidence that this document is what it purports to be, including any seal or certification by anyone. As such it is not properly authenticated and thus inadmissible hearsay which should be excluded. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 777 (9th Cir. 2002); *Meserole v. M/V Fina Belgique*, 736 F.2d 147 (5th Cir. 1984).

Additionally, this document is not relevant in that its stated purpose is to address "hazardous chemical products." Plaintiffs have not laid any foundation that asbestos has ever been viewed as a chemical product by the United States Navy. Further, this document should be excluded as its potential relevance is outweighed by is probative value. Fed. R. Evid. 403.

Additionally, there is no evidence that this document applies to the new construction of vessels or that Huntington Ingalls was provided with such a document, so it is irrelevant.

Further, the instruction itself states only that such instruction is contemplated, not

012640.000037 247461.1

implemented. It is therefore without foundation, irrelevant, and unduly prejudicial.

### OBJECTIONS TO THE ALLEGED COPY OF MILITARY SPECIFICATION, MIL-M-15071D (SHIPS), MANUAL, SERVICE (INSTRUCTION BOOKS) FOR SHIPBOARD ELECTRICAL AND MECHANICAL EQUIPMENT

Huntington Ingalls objects to the alleged copy of alleged Military Specification, MIL-M-15071D (SHIPS), Manual Service (Instruction Books) For Shipboard Electrical And Mechanical Equipment, dated June 6, 1961, attached to Plaintiffs' Opposition as Exhibit 5, and moves to exclude it in its entirety. The alleged copy of the alleged Military Specification, MIL-M-15071D (SHIPS), Manual Service (Instruction Books) For Shipboard Electrical And Mechanical Equipment, is an inadmissible hearsay document. See Fed. R. Evid, Rules 803 and 902 and the authority stated above. As such, it is not a properly authenticated document and is thus inadmissible hearsay which should be excluded.

There is no foundation that this document is relevant. Fed. R. Evid. 401 states that relevant evidence means evidence which makes the existence of any fact that is of consequence to the determination of the action more probable that it would be without the evidence. Fed. R. Evid.. 403 states that "evidence which is not relevant is inadmissible." In this matter, any probative value of this document is outweighed by the confusion of the meaning of "chemical product" or whether the document was published after the construction of the vessels at issue.

Additionally, this document is not relevant in that it does not address any ship in question in this matter. Fed. R. Evid. 402. Further, this document should be excluded as its potential relevance is outweighed by is probative value since the prejudice of relying on a document which may have been published after the relevant time period for this case is far more prejudicial than probative. Fed. R. Evid. 403.

### OBJECTIONS TO DOCUMENT 210, RESPONSE TO MOTION FOR SUMMARY JUDGMENT IN THE JAMES PRANGE, ET AL v. ALFA LAVAL, ET AL MATTER

Huntington Ingalls objects to the alleged copy of Plaintiffs' Response to Defendants' Motion for Summary Judgment on the Government Contractor Defense and all attachments and

exhibits in the matter of *James Prange, et al. v. Alfa Laval, Inc., et al*, United States Eastern District Court of Pennsylvania Case No. 2:09-cv-91848, attached to Plaintiffs' Opposition as Exhibit 6, and moves to exclude it in its entirety. The document is inadmissible hearsay. Fed. R. Evid, Rules 801- 803. This document does not fall under a hearsay exception. It should thus be excluded.

Further, Huntington Ingalls is not a party in the *Prange* action. Thus, there is no indication that any of the underlying facts of this case are similar to the facts in the *Prange* matter. Fed. R. Evid. 401 states that relevant evidence means evidence which makes the existence of any fact that is of consequence to the determination of the action more probable that it would be without the evidence. Fed. R. Evid. 403 states that "evidence which is not relevant is inadmissible." Clearly, the pleading in question, for which there is no foundation has any of the same underlying facts of this case, cannot establish e a consequential fact in this matter as more probable than it would be if the pleading was not excluded. Further, Fed. R. Evid. 403 notes that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice or confusion of the issues. As such, this document should be excluded.

## OBJECTIONS TO MEMORANDUM OF OPINION IN CONNER V. ALFA LAVAL, INC., ET AL MATTER

Huntington Ingalls objects to the alleged copy of the July 21, 2011, Memorandum of Opinion in *Conner v. Alfa Laval, Inc.,* United States Eastern District Court of Pennsylvania Case No. 2:09-cv-67099, attached to Plaintiffs' Opposition as Exhibit 7, and moves to exclude it in its entirety. The document is inadmissible hearsay. Fed. R. Evid, Rules 801- 803. This document does not fall under a hearsay exception. It should thus be excluded.

Further, Huntington Ingalls is not a party in the *Conner* action. Thus, there is no indication that any of the underlying facts of this case are similar to the facts in the *Conner* matter. Fed. R. Evid. 401 states that relevant evidence means evidence which makes the existence of any fact that is of consequence to the determination of the action more probable that it would be without

the evidence. Fed. R. Evid. 403 states that "evidence which is not relevant is inadmissible." Clearly, the pleading in question, for which there is no foundation has any of the same underlying facts of this case, cannot establish e a consequential fact in this matter as more probable than it would be if the pleading was not excluded. Further, Fed. R. Evid. 403 notes that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice or confusion of the issues. As such, this document should be excluded.

### OBJECTIONS TO COPY OF EXCERPTS FROM ADMIRAL ROGER B. HORNE, JR.'S JUNE 12, 2006, DEPOSITION IN ROBERT BAXTER V. ALFA LAVAL, INC., IN THE SUPERIOR COURT OF MASSACHUSETTS, FOR THE COUNTY OF MIDDLESEX, CASE NO. 05-4314

Huntington Ingalls objects to the alleged copy of excerpts from Admiral Roger B. Horne, Jr.'s June 12, 2006, deposition in *Robert Baxter v. Alfa Laval, Inc.,* in the Superior Court of Massachusetts, for the County of Middlesex, Case No. 05-4314, attached to plaintiffs' Opposition as Exhibit 8, and moves to exclude it in its entirety. The document is inadmissible hearsay. Fed. R. Evid, Rules 801- 803. This document does not fall under a hearsay exception. It should thus be excluded.

Further, Huntington Ingalls is not a party in the *Baxter* action. Thus, there is no indication that any of the underlying facts of this case are similar to the facts in the *Baxter* matter. Fed. R. Evid. 401 states that relevant evidence means evidence which makes the existence of any fact that is of consequence to the determination of the action more probable that it would be without the evidence. Fed. R. Evid. 403 states that "evidence which is not relevant is inadmissible."

### OBJECTIONS TO COPY OF EXCERPTS FROM ADMIRAL ROGER B. HORNE, JR.'S JUNE 19, 2002, DEPOSITION IN IN RE: FEDERAL MOGUL, INC., V. MATHIAS, IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICTS OF TEXAS, EL PASO DIVISION, CASE NO. 01-10578

Huntington Ingalls objects to the alleged copy of excerpts from Admiral Roger B. Horne, Jr.'s June 19, 2002, deposition in *In re: Federal Mogul, Inc., v. Mathias,* in the United States District Court for the Western Districts of Texas, El Paso Division, Case No. 01-10578, attached

to plaintiffs' Opposition as Exhibit 9, and moves to exclude it in its entirety. The document is inadmissible hearsay. Fed. R. Evid. Rules 801- 803. This document does not fall under a hearsay exception. It should thus be excluded.

Further, Huntington Ingalls is not a party in the *In re: Federal Mogul* action. Thus, there is no indication that any of the underlying facts of this case are similar to the facts in the *In re: Federal Mogul* matter. Fed. R. Evid. 401 states that relevant evidence means evidence which makes the existence of any fact that is of consequence to the determination of the action more probable that it would be without the evidence. Fed. R. Evid. 403 states that "evidence which is not relevant is inadmissible."

### OBJECTIONS TO MEMORANDUM OF OPINION IN DONN V. A.W. CHESTERTON CO., INC., ET AL MATTER

Huntington Ingalls objects to the alleged copy of February 1, 2012, Memorandum of Opinion in *Donn v. A.W. Chesterton Co., Inc.,* United States Eastern District Court of Pennsylvania Case No. 2:10-cv-62071, attached to Plaintiffs' Opposition as Exhibit 11, and moves to exclude it in its entirety. The document is inadmissible hearsay. Fed. R. Evid. Rules 801- 803. This document does not fall under a hearsay exception. It should thus be excluded.

Further, Huntington Ingalls is not a party in the *Donn* action. Thus, there is no indication that any of the underlying facts of this case are similar to the facts in the *Donn* matter. Fed. R. Evid. 401 states that relevant evidence means evidence which makes the existence of any fact that is of consequence to the determination of the action more probable that it would be without the evidence. Fed. R. Evid. 403 states that "evidence which is not relevant is inadmissible."

Clearly, the pleading in question, for which there is no foundation has any of the same underlying facts of this case, cannot establish e a consequential fact in this matter as more probable than it would be if the pleading was not excluded. Further, Fed. R. Evid. 403 notes that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice or confusion of the issues. As such, this document should be excluded.

DATED: March 12, 2012                             RESPECTFULLY SUBMITTED,


By: /s/ Daniel J. Kelly
Daniel J. Kelly
John K. Son
TUCKER ELLIS & WEST LLP
135 Main Street, Suite 700
San Francisco, CA 94105
Telephone: 415.617.2400
Facsimile: 415.617.2409
daniel.kelly@tuckerellis.com
john.son@tuckerellis.com

Attorneys for Defendant
HUNTINGTON INGALLS
INCORPORATED

## CERTIFICATE OF SERVICE

This Certificate of Service is made in compliance with Local Rule 5.1.2 and Civ.R. 5(b). I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is Tucker Ellis & West LLP, 135 Main Street, Suite 700, San Francisco, California 94105.

On March 12, 2012, the following document is being filed electronically and will be available for viewing and downloading from the Court's CM/ECF system:

**DEFENDANT HUNTINGTON INGALLS INCORPORATED'S OBJECTIONS TO PLAINTIFF'S EVIDENCE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

The Notice of Electronic Case Filing automatically generated by the system and sent to all parties entitled to service under the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Pennsylvania who have consented to electronic service shall constitute service of the filed document to all such parties. Parties who have not consented to electronic service are entitled to receive a paper copy of any electronically filed pleading or other document. Any such parties will be served by regular mail.

I declare under penalty of perjury that I am employed in the office of a member of the bar of the District Court for the Northern District of California and ECF registered in this Court at whose direction the service was made and that the foregoing is true and correct.

Executed on March 12, 2012, at San Francisco, California.

| Robin Hale | /s/ Robin Hale |
|---|---|
| (Type or print name) | (Signature) |